## WILLIAMS v. WILLIAMS et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

TRUSTS—TRANSACTIONS BETWEEN HUSBAND AND WIFE—ABSOLUTE CONVEYANCE OF PROPERTY.

Where a husband conveyed all his property to his wife with the intention of vesting in her the absolute title, and with knowledge that he was executing an absolute deed and bill of sale, and intending to execute such documents, and there was no fraud or misrepresentation, no trust was created in favor of the husband.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 91, 154.]

Appeal from Special Term, Orange County.

Action by Asa J. Williams against Josiah M. Williams and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Robert H. Barnett, for appellant.
Darwin W. Esmond, for respondents.

HIRSCHBERG, P. J. This action was commenced on October 3, 1902, and appears to have been brought for the purpose of procuring an adjudication that an oral trust agreement alleged to have been made on September 27, 1869, between the plaintiff and his wife (now deceased) had been fully executed, and that the estate disposed of by his wife by will either belonged to him or was subject to an equitable lien in his favor. At the close of the plaintiff's case the learned trial justice dismissed the complaint.

The plaintiff failed to establish any cause of action. The defendants are the three children of the plaintiff and his wife, a grandchild, and the executor of his wife's will. The proof was limited to the evidence of the plaintiff and that of a justice of the peace employed by him on September 27, 1869, to effect a transfer of his property to his wife. The justice testified as a witness for the plaintiff that he, the plaintiff, "wanted to convey his property or deed it to his wife, and I told him he would have to have a second party before he could; he couldn't deed it directly to his wife; and then his wife got Moses Hatch. He was to be the second person. Asa said he wanted to transfer his property to his wife. He wanted her to have it as long as she lived, and to keep the children until they got to be twenty-one years old." In accordance with the plaintiff's desire to convey his property to his wife, he and his wife conveyed the real estate to Moses Hatch on September 27, 1869, and Hatch reconveyed it to the plaintiff's wife on the following day. Bills of sale of the personal property, similarly executed, accompanied the deeds. The transfers were absolute and unconditional in terms. The plaintiff and his wife lived together for several years after the transfers, during which period she sold all the property so conveyed to her with his full knowledge and apparent consent, and invested the proceeds in real and personal property in her

own name. In the year 1873 she procured a decree of separation from him, and they remained apart from then until her death, which occurred in May, 1901.

The case presented by this proof is the ordinary one of a conveyance by a husband to his wife of all his property with the intention of vesting in her the absolute title. There is no pretense that the plaintiff did not know that he was executing an absolute deed and bill of sale, or that he did not intend to execute such documents. There is no suggestion of fraud or misrepresentation, and no trust was created or sought to be created. It follows that the complaint was properly dismissed, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.